IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHARLES HAMNER                                                        PLAINTIFF
ADC #143063

v.                              No: 2:22-cv-00028 BSM-PSH

DEAN MANNIS, *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

On February 15, 2022, Defendant Arkansas County Sheriff Dean Mannis removed the *Petition for Declaratory Judgment and Injunctive Relief via Writ of Mandamus* filed by Charles Hamner in Arkansas County Circuit Court (the "State Court") to this Court (Doc. No. 1). Hamner filed his petition in State Court on

September 29, 2021 (Doc. No. 2). He subsequently filed an amended petition (Doc. No. 7).

Sheriff Mannis liberally construed Hamner's petition as setting forth a due process claim brought pursuant to 28 U.S.C. § 1983.[1] *See* Doc. No. 1. Separate Defendant Arnell Rhinehart, Hamner's parole officer, filed a motion to dismiss the case in its entirety, asserting that Hamner's suit is barred by sovereign immunity; that Hamner fails to state a viable breach of contract or due process claim against Rhinehart; and that Hamner's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (Doc. No. 11).

On March 9, 2022, Hamner filed a motion to remand the case to the State Court (Doc. No. 18). On April 4, 2022, the Court ordered the defendants to show cause why this case should not be remanded to State Court (Doc. No. 21). Each defendant has filed a response (Doc. Nos. 23 & 24). Rhinehart states that he has no objection to the case being remanded to State Court if the Court finds that Hamner has not alleged a viable federal due process claim. *See* Doc. No. 23 at 3. Mannis' response is combined with a motion to dismiss; he argues that the Court should dismiss any federal due process claim brought by Hamner before remanding the case to State Court or allow the case to proceed as a § 1983 due process claim. Doc. No.

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

24 at 2-3. Hamner also filed a response and a reply explaining his claims and why he filed them in State Court (Doc. Nos. 22 & 26). For the reasons explained herein, the undersigned recommends that Rhinehart and Mannis' motions to dismiss (Doc. Nos. 11 & 24) be granted with respect to Hamner's § 1983 due process claims; that Hamner's motion to remand (Doc. No. 18) be granted in part; and that Hamner's remaining claims be remanded to State Court.

## II. Hamner's State Court Petition

In his amended petition, Hamner alleges that he was arrested for a parole violation in May of 2021 and was given a 90 day sentence to be served in the Arkansas County Detention Center ("ACDC") provided he met three requirements: (1) that he was eligible to participate in a short term revocation program; (2) that he have an approved parole plan when his 90 day sentence expired; and (3) that he maintain good behavior at the ACDC.[2] To participate in the short term revocation program, Hamner executed a Waiver of Revocation Hearing document, as did his parole officer, defendant Rhinehart. Rhinehart also executed a document verifying that Hamner had an acceptable place to live at the end of the 90-day program. Both

---

[2] Arkansas legislators passed Act 423 in March 2017, which in part limits incarceration periods for individuals sanctioned for low-level violations of the conditions of their supervision. The act allows for imposition of a shorter period of incarceration in county jail or an Arkansas Community Corrections ("ACC") residential facility as an intermediate sanction prior to full revocation to prison. ACC has authority to impose the sanctions administratively.

documents explained that in order to be released at the end of the 90-day period, Hamner must, among other things, maintain good behavior.

Hamner claims that he was removed from the short-term revocation program and returned to the ADC to serve a six-month suspended sentence based on a report issued by Sheriff Mannis indicating Hamner's behavior had not been good. Hamner claims Mannis issued this report after he was notified of a § 1983 action filed by Hamner in June of 2021. Hamner claims that he has not seen this behavior report, never received a disciplinary, and was never given a written explanation of any rule infraction that justified his removal from the short-term revocation program. He claims that his removal from the short-term revocation program in this manner violated his due process rights under the United States and Arkansas constitutions. He further claims that the Waiver of Revocation Hearing form and a Short Term Revocation Program Eligibility form signed by Rhinehart are enforceable contracts.

Hamner names Mannis and Rhinehart as respondents, on his petition heading.[3] He seeks a declaratory judgment pursuant to Ark. Code Ann. § 16-111-104(2); a writ of mandamus to enforce his agreement with Arkansas Community Correction; and relief under Article 2, Section 13 of the Arkansas Constitution providing for

---

[3] Hamner also describes Arkansas Division of Corrections Director Dexter Payne a respondent in the body of his petition, but it does not appear that Payne has been served with process in this case.

remedies for persons injured. He also claims he is entitled to lost wages beginning on August 12, 2021, for his wrongful incarceration.

### III. Analysis

Federal courts are required to remand a case, any time before final judgment is entered, if the court lacks jurisdiction. 28 U.S.C. § 1447(c). As the removing party, Mannis has the burden of showing by a preponderance of the evidence that removal was proper. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). Additionally, as the party invoking federal question jurisdiction, Mannis bears the burden of showing the existence of subject matter jurisdiction. *Newhard, Cook & Co. v. Inspired Life Centers, Inc.,* 895 F.2d 1226, 1228 (8th Cir.1990). Federal courts are to "resolve all doubts about federal jurisdiction in favor of remand." *Dahl v. R .J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).

Federal courts are courts of limited jurisdiction and have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Congress created two bases of original jurisdiction in the Federal courts: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Mannis removed Hamner's petition to this Court because he claimed that his federal due process rights had been violated and he seeks damages for that violation.

The Court agrees that Hamner's petition can be construed as setting forth a federal due process claim under § 1983. Although Hamner insists that his petition belongs in State Court, he continues to assert that his due process rights under both the United States and Arkansas constitutions were violated by Mannis and Rhinehart, resulting in his return to the ADC to serve a six-month sentence for violating his conditions of release. *See* Doc. No. 7 at 10-11; Doc. No. 26 at 3-4. Accordingly, to the extent Hamner brings a claim based on the violation of his federal due process rights, this Court has jurisdiction over that claim pursuant to § 1983. However, for the reasons explained below, such a claim is not viable and should be dismissed.

First, Hamner has not stated whether he sues defendants in their personal or official capacities. It is therefore assumed that they are sued in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A suit against a state actor in his or her official capacity is in essence a suit against the State of Arkansas, and any such official capacity claim for monetary damages is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989); *Nix v. Norman*,

879 F.2d 429, 431-432 (8th Cir. 1989). Accordingly, to the extent Hamner sues Rhinehart, a state parole officer, for money damages, his claims are barred by sovereign immunity. Further, Hamner's suit against Sheriff Mannis in his official capacity is in essence a suit against the County itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the Mannis can only be held liable in his official capacity if Hamner can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Hamner does not assert that a custom or policy of Arkansas County was the moving force behind Mannis' actions.

Second, Hamner has no constitutional right to parole under Arkansas law. *See Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions. . . ."); *Mason v. Hobbs*, 453 S.W. 3d 679, 681-82 (Ark. 2015) ("[T]here is no constitutional right or entitlement to parole that would invoke due-process protection."). The Court is aware of no law holding that Arkansas' Short-Term Revocation Program creates a liberty interest.

Third, Hamner's claim for damages based on a due process violation are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that if a judgment in favor of a prisoner in a §1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*. The holding in *Heck* is applicable to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014).

Finally, Hamner's request to be released from custody is not available relief in a § 1983 action. The sole remedy for a prisoner seeking release from prison is to file a federal *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

For these reasons, Rhinehart and Mannis' motions to dismiss Hamner's § 1983 claims (Doc. Nos. 11 & 24) should be granted. If Hamner's § 1983 due process claims are dismissed, no federal question remains in this case. The Court should decline to exercise supplemental jurisdiction over Hamner's remaining state law claims, 28 U.S.C. §1367(c)(3), and remand those claims to the Arkansas County, Arkansas Circuit Court.

For the reasons stated herein, it is recommended that:

1. Rhinehart's *Motion to Dismiss* (Doc. No. 11) be granted in part, and Hamner's § 1983 claims against Rhinehart be dismissed;

2. Mannis' *Motion to Dismiss* (Doc. No. 24) be granted, and Hamner's § 1983 claims against Mannis be dismissed;

3. Mannis' *Motion to Stay Responsive Pleading Deadline Pending Screening Under the Prison Litigation Reform Act* (Doc. No. 9) be denied as moot; and

4. Hamner's *Motion to Remand* (Doc. No. 18) be granted in part, and the remainder of this case be remanded to the Circuit Court of Arkansas County, Arkansas.

IT IS SO RECOMMENDED this 4th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE